UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICKA ANDRADE, on behalf of herself
and those similarly situated,

    Plaintiff,

vs.

GILBERT GARCIA GROUP, P.A.,
a Florida corporation, MICHELLE
GARCIA GILBERT and ANNETTE
LENNOX,

    Defendants.
_____/

CASE NO.: 8:12 cv1396 T 23 EAJ

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ericka Andrade ("Ms. Andrade"), on behalf of herself and those similarly situated, sues Defendants, Gilbert Garcia Group, P.A. (the "Law Firm"), a Florida corporation, Michelle Garcia Gilbert ("Ms. Gilbert") and Annette Lennox ("Ms. Lennox") (collectively, "Defendants") for failing to pay overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (the "FLSA") and declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

### NATURE OF CASE

1. The Law Firm required Ms. Andrade to work in excess of forty (40) hours per week, but refused to compensate her for such hours at the overtime rate required under the FLSA. Defendants, to reduce labor costs, orchestrated a common policy and practice of forcing paralegals and other employees to work off the clock without compensation. The Law Firm's conduct violated the FLSA, which requires non-exempt employees to be compensated for all work at the FLSA mandated overtime wage rate pursuant to 29 U.S.C. §207(a).



## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, overtime wages, an additional and equal amount in liquidated damages, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## PARTIES

4. At all times material hereto, Ms. Andrade was, and continues to be, a resident of Hillsborough County, Florida. Ms. Andrade was, and continues to be, employed by the Law Firm as a paralegal at its business located in Tampa, Florida.

5. The Law Firm is a Florida corporation that operates in Tampa, Florida. The Law Firm is an employer within the meaning of the FLSA.

6. Ms. Gilbert was at all times material hereto an owner and/or officer of the Law Firm.

7. Ms. Gilbert, at all times material hereto, was acting directly or indirectly in the interest of the Law Firm in relation to Ms. Andrade's employment and was substantially in control of the terms and conditions of Ms. Andrade's work and is therefore considered a statutory employer pursuant to 29 U.S.C. §203(d).

8. Ms. Lennox, at all times material hereto, was acting directly or indirectly in the interest of the Law Firm in relation to Ms. Andrade's employment and was substantially in control of the terms and conditions of Ms. Andrade's work and is therefore considered a statutory employer pursuant to 29 U.S.C. §203(d).

9. At all times material hereto, Ms. Andrade was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

10. At all times material hereto, Ms. Andrade was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendants were and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§201-209, because Ms. Andrade, and those similarly situated to her, performed services for Defendants for which no provisions were made by Defendants to properly pay Ms. Andrade, and those similarly situated to her, for all hours worked in excess of forty (40) within a work week.

14. Ms. Andrade, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

15. Ms. Andrade, and those similarly situated to her, were salaried employees that were required to work more than forty hours per week but were denied overtime pay.

16. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Ms. Andrade, and those similarly situated to her, are in the possession and custody of Defendants.

17. Defendants failed to maintain proper time records as mandated by the FLSA.

18. Defendants' method of paying Ms. Andrade, and those similarly situated to her, was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

19. Ms. Andrade has retained the law firm of Trenam Kemker to represent her in this litigation and has agreed to pay a reasonable fee and costs for the services rendered in the prosecution of this action if she prevails.

## COUNT I
### (Failure to Pay Overtime)

20. Ms. Andrade realleges and incorporates the allegations contained in paragraphs 1-19 above as if fully set forth herein.

21. Throughout the employment of Ms. Andrade, Defendants repeatedly and willfully violated the FLSA by failing to compensate Ms. Andrade at a rate not less than one and one half times the regular rate at which she was employed for hours worked in excess of forty (40) per work week.

22. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are employed are applicable to Defendants or to Ms. Andrade, and those similarly situated to her.

23. As a result of Defendants' intentional, willful and unlawful acts by refusing to properly pay Ms. Andrade, and those similarly situated to her, their regular rate of pay for each hour worked in one or more weeks of employment with Defendants, Ms. Andrade, and those similarly situated to her, have suffered damages plus incurred attorneys' fees and costs.

24. As a result of Defendants' willful violation of the FLSA, Ms. Andrade, and those similarly situated to her, are entitled to liquidated damages.

25. Ms. Andrade demands a trial by jury.

WHEREFORE, Ms. Andrade, and those similarly situated to her, demand judgment against Defendants, jointly and severally for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

    (c)    A reasonable attorneys' fee and costs; and

    (d)    Such other relief as this Court deems just and appropriate.

## COUNT II
### (Retaliation)

26. Ms. Andrade realleges and incorporates the allegations contained in paragraphs 1-19 above as if fully set forth herein.

27. On or about May 16, 2012, during Ms. Andrade's annual review, she received a small raise and was told her salary would be capped at that amount. This surprised Ms. Andrade in light of her superior performance and failure to receive any negative criticism. She inquired whether she would be receiving additional sums for all the hours which she worked in excess of forty (40) hours. She was advised that she was not entitled to any overtime even though her standard hours exceeded forty (40) per work week.

28. On or about May 18, 2012, in retaliation for Ms. Andrade raising the issue of Defendants' failure to pay overtime to her, and those similarly situated to her, Defendants reduced her salary by more than six thousand dollars ($6,000).

29. As further retaliation, Defendants moved Ms. Andrade's assistant away from her, moved her desk to a less favorable location, prevented her from having lunch with her co-workers, created false counseling statements and fabricated performance related complaints.

30. The FLSA prohibits any manner of discrimination against an employee who files any complaint concerning the FLSA.

31. As a result of Defendants' intentional, willful and retaliatory actions, Ms. Andrade has suffered damages including lost wages, benefits, and other remuneration, emotional distress, and humiliation. These losses are permanent or intermittent and will continue into the future.

32. As a further result of Defendants' unlawful acts against Ms. Andrade, she has and will continue to incur attorneys' fees and costs.

33. Ms. Andrade demands a trial by jury.

WHEREFORE, Ms. Andrade demands judgment against Defendants, jointly and severally for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, reasonable attorneys' fees and costs, and such other relief as this Court deems just and appropriate.

## COUNT III
### (Declaratory Relief)

34. Ms. Andrade realleges and incorporates the allegations contained in paragraphs 1-19 above as if fully set forth herein.

35. Ms. Andrade, and those similarly situated to her, have a pending dispute under the FSLA which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331.

36. The Court also has jurisdiction to hear Ms. Andrade's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

37. Ms. Andrade may obtain declaratory relief.

38. Defendants employed Ms. Andrade and those similarly situated to her.

39. Ms. Andrade is individually covered by the FLSA by her routine and repeated use of fax machines, telephones and other office equipment which transmitted communications in interstate commerce and furthered interstate commerce.

40. Defendants failed to pay Ms. Andrade, and those similarly situated to her, for all hours worked in excess of forty (40) per work week.

41. Defendants failed to keep accurate time and pay records for Ms. Andrade, and those similarly situated to her, pursuant to 29 U.S.C. §211(c) and 29 CFR part 516.

42. Ms. Andrade, and those similarly situated to her, are entitled to be paid for all hours worked in excess of forty (40) per work week at the rate of time and one half pursuant to the FLSA.

43. Defendants did not rely upon a good faith defense in their decision to require non-exempt employees to work in excess of forty (40) hours per week and refused to pay them for same.

44. Ms. Andrade, and those similarly situated to her, are entitled to an equal amount of liquidated damages.

45. It is in the public interest to have these declarations of rights recorded as Defendants still employ paralegals and other non-exempt employees subject to the same policies.

46. Ms. Andrade's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

47. The declaratory judgment action terminates and affords relief from uncertainty, insecurity and controversy giving rise to the proceeding.

48. Ms. Andrade demands a trial by jury.

WHEREFORE, Ms. Andrade, and those similarly situated to her, demand a declaration of rights finding that an employer – employee relationship existed between Ms. Andrade and Defendants, that Ms. Andrade, and those similarly situated to her, were not paid overtime wages for all hours worked in excess of forty (40) in one week, that Defendants had a legal duty to pay Ms. Andrade, and those similarly situated to her, compensation pursuant to the FLSA, that Defendants' policies and practices of requiring Ms. Andrade, and those similarly situated to her, to work in excess of forty (40) hours per week without compensation violates the FLSA, that Defendants failed to prove a good faith defense to their pay practices and that Ms. Andrade, and those similarly situated to her, are entitled to proper compensation, liquidated damages and reasonable attorneys' fees and costs pursuant to the FLSA.

*/s/ Laura E. Prather*, Trial Counsel

LAURA E. PRATHER
Florida Bar No. 870854
lprather@trenam.com
NATHAN A. CARNEY
Florida Bar No. 0487491
ncarney@trenam.com
TRENAM, KEMKER, SCHARF,
 BARKIN, FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, Florida 33601-1102
Phone: (813) 223-7474
Fax: (813) 229-6553
Attorneys for Plaintiff